

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Barbara J. Houser*

**United States Bankruptcy Judge**

**Signed December 12, 2012**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| IN RE: | § | |
| | § | |
| HECTOR E. ARANDA, | § | CASE NO: 09-34798-BJH-13 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of eCast Settlement Corporation to Reconsider and Vacate the Order on Debtor's Objection to Claim Number 5 and Allow the Claim (the "Motion"). The debtor, Hector E. Aranda (the "Debtor"), opposes the Motion. For the reasons explained below, the Motion must be denied.

### I.    FACTUAL BACKGROUND

On July 28, 2009 the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The same day, the Debtor filed his Chapter 13 Plan (the "Plan").

On October 14, 2009 eCast Settlement Corporation ("eCast"), as assignee of Chase Bank USA, N.A. ("Chase"), timely filed a general unsecured proof of claim in the Debtor's case in the amount of $10,814.23 for the unpaid prepetition balance allegedly due on the Debtor's credit card. This claim was designated as Claim Number 5 on the Court's claim register. The Debtor had scheduled Chase as holding a $108.00 claim with respect to the same credit card.

On November 2, 2009 the Debtor confirmed the Plan, which provided for a pro rata distribution to his unsecured creditors. On April 14, 2010 the Trustee filed a Notice of Pre-Hearing Conference and Hearing on Trustee's Recommendation Concerning Claims, Objection to Claims and Plan Modification ("TRCC"). The TRCC reflected an allowed claim for eCast in the amount of $10,814.23. Per the notice included with the TRCC, any objections to the TRCC were due on May 14, 2010.

On June 16, 2010 the Debtor filed his objection to eCast's claim (the "Objection"). The Objection requested (i) a full itemization of the claim, and (ii) disallowance of the claim. The Objection also included a notice of hearing on the Objection. The Debtor served the Objection on eCast at the address provided in its proof of claim and a certificate of service was provided to the Court signed by the Debtor's counsel.

eCast failed to respond to the Objection and on August 4, 2010 an Order was entered sustaining the Objection (the "Order").

On September 25, 2012 eCast filed the Motion, which seeks relief from the Order under Fed. R. Civ. P. 60(b), made applicable here pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9024. Specifically, eCast seeks relief from the Order pursuant to

Fed. R. Civ. P. 60(b)(1) or, in the alternative, 60(b)(6). In the Motion eCast also responded to the Objection by providing documentation itemizing the claim balance. The Debtor filed written opposition to the Motion.

The Court heard the Motion on November 15, 2012 (the "Hearing"), at which eCast offered no evidence in support of the Motion. The Court asked for post-hearing briefing on several issues, the last of which was filed on November 30, 2012. This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law.

## II.    LEGAL ANALYSIS

### A.    Burden of Proof

With respect to eCast's request for relief under Rule 60(b)(1), such a motion must be made within a year. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). However, FRBP 9024 waives this one-year requirement with respect to, among others, motions to reconsider orders disallowing claims against the estate entered without a contest. But, even with the waiver of the one-year requirement, Rule 60(c)(1)'s requirement that such motions "be made within a reasonable time" still stands, as eCast agrees. Moreover, it is undisputed that the party seeking relief under Rule 60(b) bears the burden to establish that its motion was made within a reasonable time.

### B.    As Applied Here

eCast makes the decision here easy, as it put on *no* evidence in support of the Motion. While eCast alleges that it "did not receive the Objection," Brief in Support of

the Motion, p. 3, and further alleges that it filed the Motion "promptly upon learning of the default judgment," *id*. at p. 5, eCast offered no evidence to explain, among other things, how the Order came to its attention, when the Order came to its attention, and why it failed to respond to the Objection. "Motions under Rule 60(b) must be made 'within a reasonable time,' unless good cause can be shown for the delay." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). Further, "Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Id*. "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Id*. (quoting *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981)). In the absence of any evidence, this Court cannot find that the Motion was made within a reasonable time or that good cause exists for any delay. *See Ashford*, 657 F.2d at 1055 (affirming the district court's denial of a Rule 60(b) motion when no reason was suggested for the failure to timely challenge a ruling); *see also PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2nd Cir. 1983) (denying a Rule 60(b)(6) motion when the movant "presented no persuasive reasons to justify the delay of almost one year").

Given eCast's failure to get past this threshold requirement, the Court need not address eCast's arguments regarding the propriety of the Court sustaining the Objection. In other words, until the Court concludes that it is appropriate to reconsider the Order – *i.e*., that the Motion was made within a reasonable time or that good cause exists for any delay, the Court cannot address the legal issues raised by eCast in support of its argument that the Court committed legal error in sustaining the Objection.

### III.    CONCLUSION

The Motion is denied because eCast failed to introduce any evidence from which this Court can find that the Motion was made within a reasonable time or that good cause exists for any delay.

**SO ORDERED**.